THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>REMBER OSWALDO GUEVARA-MENDOZA,<br><br>               Defendant. | CASE NO. CR13-0238-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 172) and the Government's motion to seal (Dkt. No. 176). Having thoroughly considered the briefing and relevant record, the Court hereby DENIES Defendant's motion and GRANTS the Government's motion to seal for the reasons explained herein.

I.     **BACKGROUND**

Defendant is currently serving a 72-month sentence at North Lake CI, (Dkt. Nos. 99 at 2, 172 at 2), following a 2018 guilty plea for one count of conspiracy to distribute cocaine and MDMA. (Dkt. No. 99 at 1). Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), asserting his medical conditions and heightened risk for COVID-19 present extraordinary and compelling reasons to justify reducing his present sentence. (Dkt. No. 172 at 1).

## II.   DISCUSSION

### A.   Legal Standard

In analyzing whether a defendant is entitled to compassionate release, a court must determine whether that defendant has satisfied the following requirements: (1) the defendant has exhausted administrative remedies with the Bureau of Prisons ("BOP")[1] and (2) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). In addition, the Court may consider whether the reduction sought is consistent with applicable policy statements issued by the Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (while the current version of the U.S. Sentencing Guidelines Manual §1B1.13 is not applicable to motions for compassionate release presented to a district court under the First Step Act of 2018, it may inform the Court's exercise of discretion.).

### B.   Extraordinary and Compelling Reasons

Medical conditions may present extraordinary and compelling reasons if an inmate "suffer[s] from a serious physical or medical condition . . . that substantially diminishes the [defendant's] ability . . . to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 cmt. n.1(A). The CDC has identified several health conditions that increase risk of serious illness from COVID-19, including obesity (Body Mass Index (BMI) of 30 or more), as well as a separate list of conditions which "might" increase this risk, including hypertension. *United States v. Johnson*, 2020 WL 4495981 slip op. at 3 (W.D. Wash. 2020).

Here, Defendant asserts that he suffers from being overweight, nonalcoholic liver disease, and hypertension. (Dkt. No. 172 at 3-4). As the CDC only finds those with a body mass index ("BMI") of 30 or higher to be at increased risk of severe illness, Defendant's 28.3 BMI, (*id.*),

---

[1] The Government concedes that Defendant has met the statutory exhaustion requirement under § 3582(c)(1)(A). (Dkt. No. 175 at 6.)

does not qualify. *See United States v. Cain*, 2020 WL 4597307 slip op. at 4 (W.D. Wash. 2020) (finding BMI of 27.9 insufficient basis for motion). While hypertension is identified by the CDC as potentially increasing the risk of serious illness, Defendant's hypertension is being managed with medication (lisinopril). (Dkt. No. 175 at 4); *see United States v. Powers*, 2020 WL 3605748, slip op. at 3 (W.D. Wash. 2020) (finding sentence reduction unwarranted where movant's hypertension was well-controlled with prescribed medication).

Moreover, Defendant was previously diagnosed with COVID-19 in April 2020 and has since been vaccinated against COVID-19 and received a booster in February 2022. (Dkt. No. 175 at 4, 8.) As Defendant recovered from his COVID-19 infection without complications, his personal experience suggests that his medical conditions do not elevate his risk of serious illness to an extent constituting an extraordinary and compelling reason warranting release. *See United States v. Reynolds*, 2020 WL 3266532, slip op. at 4 (W.D. Wash. 2020) (finding no extraordinary or compelling reasons where movant did not suffer from any reported lingering COVID-19 symptoms).

Accordingly, Defendant has failed to meet his burden of establishing that extraordinary and compelling reasons warrant release. Therefore, the Court need not consider whether Defendant meets the remaining requirements for release.

### C. Government's Motion to Seal

The Government additionally requests the Court seal Exhibit 1 to its opposition to Defendant's motion. (Dkt. No. 176) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute and must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

Given the sensitive nature of the information contained in the exhibit, the Court finds that

ORDER
CR13-0238-JCC
PAGE - 3

sealing it serves a compelling interest which is likely to be harmed if the document is not sealed, and there is no less restrictive alternative to protect that interest. Accordingly, there is good cause for the document to remain under seal.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 172) and GRANTS the Government's motion to seal (Dkt. No. 176). The Clerk is DIRECTED to maintain Docket Number 177 under seal.

DATED this 23rd day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE